Filed 2/23/24  P. v. Ramirez CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ERNESTO RAMIREZ,<br><br>　　　Defendant and Appellant. | A165866<br><br>(Contra Costa County Super. Ct. No. 05001004985) |

### MEMORANDUM OPINION[1]

Ernesto Ramirez was sentenced to 18 years' imprisonment after pleading guilty to voluntary manslaughter (§ 192, subd. (a)) and robbery (§ 211) — crimes he committed at the age of 16.  In connection with those offenses, he further admitted that he acted with the specific intent to benefit a criminal street gang (§ 186.22(b)(1)), and that he personally used a deadly weapon (§ 12022(b)(1)).  This appeal challenges the trial court's

---

[1] We resolve this case by memorandum opinion and we recite only those facts necessary to resolve the appeal.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  All statutory references are to the Penal Code.  By separate order filed this date, we dismiss as moot Ramirez's petition for writ of habeas corpus (case No. A167863), which claims that counsel at the resentencing hearing was ineffective for failing to raise the issue of Ramirez's age.

denial of Ramirez's petition for resentencing under section 1172.6. After a contested evidentiary hearing, Ramirez contends the trial court erred in finding he was a major participant in the underlying armed robbery who acted with reckless indifference to human life, and in failing to address his age at the time the offenses were committed. Because Ramirez was entitled at the resentencing hearing to consideration of his age at the time of the offenses, we reverse and remand for further proceedings.

"Section 1172.6 offers resentencing for petitioners" who faced murder charges under a felony murder theory but "have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction." (*People v. Strong* (2022) 13 Cal.5th 698, 720.) "At the hearing to determine whether the petitioner is entitled to relief," the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the current law. (§ 1172.6, subd. (d)(3).) Thus, a finding that that the petitioner "was a major participant in the underlying felony and acted with reckless indifference to human life" is fatal to the petition. (§ 189, subd. (e)(3).) The "major participant" and "reckless indifference" requirements are conceptually distinct, concerning an actus reus and a mens rea, respectively. (*People v. Banks* (2015) 61 Cal.4th 788, 798.) "If the prosecution fails to sustain its burden of proof, . . . any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1172.6, subd. (d)(3).)

Our high court has established seven factors relevant to determining whether a defendant acted with reckless indifference to human life: use of a gun or knowledge that a gun would be used during the felony; the number of

2

weapons used; physical presence at the crime; opportunity to restrain the crime or aid the victim; the duration of the interaction between the perpetrators and the victims; the defendant's knowledge of his accomplices' propensity for violence or likelihood of using lethal force; and any efforts made by the defendant to minimize the risks of violence during the felony. (*In re Scoggins* (2020) 9 Cal.5th 667, 677 (*Scoggins*).)

A defendant's age at the time of the crime's commission is another relevant factor. (*In re Moore* (2021) 68 Cal.App.5th 434, 454 (*Moore*); see also *People v. Pittman* (2023) 96 Cal.App.5th 400, 417 (*Pittman*); *People v. Keel* (2022) 84 Cal.App.5th 546, 558–59 (*Keel*) ["Youth can be a relevant consideration — potentially an important one, depending on the facts of the case — bearing on whether a juvenile defendant acted with reckless indifference to human life"].) And it is one that has unique application to the section 1172.6 hearing. When the crime was committed by a minor, the minor's age provides a lens through which the *Scoggins* factors should be considered. (See *Moore*, supra, 68 Cal.App.5th at p. 453.) "[T]he 'hallmark features' of youth — 'among them, immaturity, impetuosity, and failure to appreciate risks and consequences' — are arguably more germane to a juvenile's mental state than to his or her conduct." (*Id*. at p. 454, quoting *Miller v. Alabama* (2012) 567 U.S. 460, 477.) But no one of these *Scoggins* factors is "necessary, nor is any one of them necessarily sufficient"; courts must consider the totality of the circumstances. (*People v. Banks*, *supra*, 61 Cal.4th at pp. 802–803.)

Here, although Ramirez was 16 when he committed his crimes, the trial court never addressed Ramirez's youth, nor alluded to evidence that

would establish consideration of his age. This was error under the *Moore* line of cases and the Attorney General does not attempt to argue otherwise.[2]

The Attorney General's contention that the error was harmless in light of the evidence the trial court considered under *Scoggins* is unpersuasive. The error would be harmless only if there were no reasonable probability that Ramirez would have otherwise obtained a more favorable result. (*People v. Oliver* (2023) 90 Cal.App.5th 466, 489, fn. 8.) Here, such a reasonable probability exists. Even where "evidence supports a finding of reckless indifference for an adult," it may not be "sufficient to establish that" *a minor* "had the requisite mental state." (*Moore, supra*, 68 Cal.App.5th at p. 453.) And as Ramirez observes, in at least two cases like his own, appellate courts have found insufficient evidence to support such a finding when also accounting for the offender's youth. (See *Keel, supra*, 84 Cal.App.5th 546; *Moore, supra*, 68 Cal.App.5th.)

Like Ramirez, the defendant in *Keel* participated in an armed robbery while wielding a firearm. (*Keel, supra*, 84 Cal.App.5th at p. 559.) And as in this case, there was no evidence in *Keel* that the defendant supplied his coparticipant with the murder weapon. (*Ibid.*) The record is likewise inconclusive that Ramirez, as opposed to the third robber, shouted "Just shoot . . . Just shoot that n____." Noting that at the time of the robbery Keel was a 15-year-old and thus prone to impulsivity and heedless risk-taking, the

---

[2] Instead, the Attorney General implicitly invokes the rule of forfeiture, arguing the absence of any prejudice to Ramirez as a result of his counsel not raising the issue of Ramirez's age at the hearing. We do not reach the question of the effectiveness of Ramirez's counsel because we would exercise our discretion to hear the claim even if it were forfeited. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; see also *People v. Johnson* (2004) 119 Cal.App.4th 976, 984.)

Fourth District reversed the denial of his resentencing petition for insufficient evidence of the requisite mens rea. (*Id.* at pp. 562–563.) Similarly, when the defendant in *Moore* participated in the armed robbery underlying his own felony murder charge, he was 16 — the same age as Ramirez at the commission of his crimes. (*Moore, supra*, Cal.App.5th at p. 439.) The factual resemblance of *Keel* and *Moore* to Ramirez's case and the absence of any consideration of Ramirez's age at the commission of the crime undermines this court's ability to conclude that Ramirez received what he was owed: a ruling based upon the totality of the circumstances.

We recently addressed similar circumstances that provide helpful guidance. In *Pittman, supra*, 96 Cal.App.5th 400, this Division considered a hearing pursuant to section 1172.6 where the petitioner's youth — being age 21 at the commission of the offense — was not discussed. In that vacuum, we were unwilling to assume the trial court implicitly considered the petitioner's age in its rulings and therefore remanded the action to allow the trial court to consider how, if at all, the offender's youth impacted the "major participant" and "reckless indifference" analysis. (*Id.* at p. 418.) The present circumstances compel a similar result.

In this case, the trial court had to find beyond a reasonable doubt and under the totality of the circumstances that Ramirez was a major participant in the robbery and acted with reckless indifference to human life. But "the totality of the circumstances necessarily includes the defendant's youthful age, which the record does not indicate the court considered." (*People v. Jones* (2022) 86 Cal.App.5th 1076, 1091 [remand appropriate even though some evidence supported a finding that petitioner was a major participant in the underlying robbery and acted with reckless indifference to life because the trial court did not consider defendant's youthful age or maturity level].)

Because the record does not show that error to be harmless, we must reverse the denial of his resentencing petition. As in *Jones*, "[w]e express no opinion on how the trial court should rule. Because of our remand, we need not and do not decide the remaining issues presented for appeal." (*Id.* at p. 1093.)

## DISPOSITION

The order denying Ramirez's resentencing petition is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

SMILEY, J. *

We concur:

BROWN, P.J.
STREETER, J.

*People v. Ramirez* (A165866)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.